# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 19-52552-(AMK) |
| | ) | |
| **Russell Biggs,** | ) | Chapter 7 |
| | ) | |
| **Renee Biggs,** | ) | |
| | ) | Judge Alan M. Koschik |
| Debtors. | ) | |

## MOTION TO DISMISS THE CASE FOR ABUSE
## PURSUANT TO 11 U.S.C. § 707(b)(1), (2) & (3)

Now comes Andrew R. Vara, the United States Trustee for Region 9, and respectfully requests this Court to enter an order dismissing the above-captioned case for abuse pursuant to 11 U.S.C. § 707(b)(1), (2) & (3). This case should be dismissed because it is presumed to be abusive under 11 U.S.C. § 707(b)(2); additionally the totality of the circumstances of this case indicates that the above-captioned chapter 7 case should be dismissed. In support, the United States Trustee states as follows:

1. **Overview.** The debtors Russell Biggs and Renee Biggs (the "Debtors") have the ability to repay a portion of the claims they owe to their unsecured creditors. Mr. Biggs is employed at Dairy Farmers of America, Inc.; he earns $4,690.55 per month. Dkt. 1 at 52. Ms. Biggs is a Senior Quality Assurance Analyst at TA Operating, where she has worked for four (4) years; she earns $7,100.16 per month. *Id*. Although they have four minor dependents, the Debtors' annualized "current monthly income" ("CMI") of $138,869.52 significantly exceeds the median income for a six-person household. *Id*. at 66-67. On their *Chapter 7 Means Test Calculation* (the "Means Test"), the Debtors indicate that their monthly disposable income is zero based on a calculated deficit of $604.68. *Id*. at 76 (line #39). [$11,572.46 – $12,177.14 = ($604.68)]. However, the Debtors' Means Test contains two objectionable line items. Firstly, the Debtors deducted $935.96 of

"additional health care expenses" over and above the standard allowance of $330.00 for a total of $1,265.96 of monthly healthcare costs. Dkt. 1 at 73 (line #22); compare *id*. at 70 (line #7). The Debtors have not produced documents to substantiate this figure. By comparison, the Debtors budget $500 per month for medical costs on *Schedule J: Your Expenses*. *Id*. at 55. Secondly, the Debtors deducted the $817.61 mortgage payments on a parcel of real property that they intend to surrender, and which is not their homestead. *Id*. at 75 (line #33d). Removing the mortgage payment (a credit of $817.61), reducing total medical costs to reflect the $500.00 budget on *Schedule J* (a credit of $765.96), and adding hypothetical chapter 13 administrative fees of $97.89 yields $881.00 of disposable monthly income. The case is therefore subject to the presumption of abuse at 11 U.S.C. § 707(b)(2). Because the Debtors have the ability to repay their creditors a portion of what they owe, they should not be entitled to an immediate chapter 7 discharge.

2. **Standing.** Andrew R. Vara is the United States Trustee for Region 9. Pursuant to 28 U.S.C. § 586, the United States Trustee is statutorily obligated to monitor the administration of cases commenced pursuant to the Bankruptcy Code, 11 U.S.C. § 101 *et. seq*. (the "Code"). The United States Trustee has standing to be heard. 11 U.S.C. § 307. This motion is timely under FED. R. BANKR. P. 1017(e).

3. **Filing History.** On October 24, 2019, the Debtors filed a voluntary chapter 7 petition. Pursuant to 11 U.S.C. § 701, the United States Trustee appointed Harold A. Corzin to serve as the chapter 7 trustee (the "Trustee"). The Trustee opened meeting of creditors on December 16, 2019. On December 26, 2019, the United States Trustee filed a Statement of Presumed Abuse. This motion is timely under Fed. R. Bankr. Pro. 1017(e).

4. **Dismissal for Abuse.** Because granting relief in the above-captioned case would abuse the provisions of chapter 7 of the Code, the Court should enter an order dismissing the

Debtors' case. 11 U.S.C. § 707(b)(1). The case should be dismissed because, firstly, the Debtors' case is presumed to be abusive under 11 U.S.C. § 707(b)(2). Additionally, the "totality of the circumstances" indicates that the Debtors' case is an abuse of chapter 7. 11 U.S.C. § 707(b)(3). The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") provides for the dismissal of an individual debtor's chapter 7 case if the Court finds "abuse." The applicable standard of "abuse" replaces the standard of "substantial abuse" that existed under § 707(b) of the prior version of the Code. 11 U.S.C. § 707(b)(1). Additionally, BAPCPA removes a presumption that had previously favored granting the relief requested by debtors. *Id*.

5. **Presumption of Abuse Threshold.** A case is presumed to be an abuse of chapter 7 if the debtor's disposable monthly income "multiplied by 60 is not less than the lesser of— (I) 25 percent of the debtor's non-priority unsecured claims in the case, or $8,175, whichever is greater; or (II) $13,650." 11 U.S.C. § 707(b)(2)(A)(i)(I)& (II) (amended pursuant to 11 U.S.C. § 104(b)(1)). In this case, the presumption arises if the Debtors have more than $227.50 of monthly disposable income. [$13,650/ 60 = $227.50].

6. **Presumption of Abuse Arises.** Because the proper calculation of the means test yields more than $227.50 of monthly disposable income, the Debtors' case is presumed to be an abuse of chapter 7 of the Code. On their Means Test, the Debtors indicate that their monthly disposable income is zero based on a calculated deficit of $604.68. Dkt. 1 at 76 (line #39). [$11,572.46 – $12,177.14 = ($604.68)]. However, the Debtors' Means Test contains two objectionable line items. Firstly, the Debtors deducted $935.96 of "additional health care expenses" over and above the standard allowance of $330.00 for a total of $1,265.96 of monthly healthcare costs. Dkt. 1 at 73 (line #22); compare *id*. at 70 (line #7). The Debtors have not produced documents to substantiate this figure. By comparison, the Debtors budget $500 per month for

3

medical costs on *Schedule J: Your Expenses*. *Id*. at 55. Secondly, the Debtors deducted the $817.61 mortgage payments on a parcel of real property that they intend to surrender, and which is not their homestead. *Id*. at 75 (line #33d). Removing the mortgage payment (a credit of $817.61), reducing total medical costs to reflect the $500.00 budget on *Schedule J* (a credit of $765.96), and adding hypothetical chapter 13 administrative fees of $97.89 yields $881.00 of disposable monthly income. Because this exceeds $227.50, the case is subject to the presumption of abuse at 11 U.S.C. § 707(b)(2).

7. **Rebutting the Presumption of Abuse.** The Debtors carry the burden to rebut the presumption of abuse. 11 U.S.C. § 707(b)(2)(B). Section 707(b)(2)(B) provides two examples of conditions which may constitute "special circumstances": (1) a serious medical condition; or (2) a call or order to active duty in the Armed Forces. There is no evidence that either of these conditions are applicable to the Debtors' case.

> Even so, this list is not exclusive, and "special circumstances" may still exist even in the absence of a serious medical condition or call to active duty in the Armed Forces. Yet in the absence of one of these conditions, this Court has held that "special circumstances" will normally involve circumstances beyond the debtor's reasonable control, or result form circumstances highly unusual in character and of the type not normally encountered by most debtors.

In re Polinghorn, 436 B.R. 484, 489 B 90 (N.D. Ohio 2010) (citations omitted). The Debtors have not offered any facts that would rebut the presumption of abuse in this case.

8. **Totality of the Circumstances C 11 U.S.C. § 707(b)(3)**. Should the Court rule that the Debtors meet their burden to rebut the presumption of abuse, it must also consider whether the "totality of the circumstances" of the Debtors' case demonstrates an abuse of Chapter 7. 11 U.S.C. § 707(b)(3)(B). "Totality of the circumstances" is a term of art that the Sixth Circuit Court of Appeals describes as a disjunctive two-factor test: "*either* lack of honesty *or* want of

4

need" is sufficient to dismiss a case for substantial abuse. Behlke v. Eisen (In re Behlke), 358 F.3d 429, 434 (6th Cir. 2004) (*quoting* In re Krohn, 886 F.2d 123, 126 (6th Cir. 1989) (internal citations removed) (emphasis added). The facts of this case indicate that the Debtors lack the need for a chapter 7 discharge.

9. **Want of Need**. The Debtors' budget set forth at *Schedule I: Your Income* and *Schedule J: Your Expenses* is not especially modest: the Debtors budget $2,068.66 for their mortgage; $225 for home maintenance; $858.68 for utilities; $1,850.00 for food; $400 for clothing; $300.00 for entertainment. Dkt. 1 at 54-55. Nevertheless, the Debtors indicate that they have a surplus of $137.35 after paying all expenses. *Id*. at 55. They also budget $235.00 per month for voluntary retirement contributions. As set forth below, the Court should treat these retirement contributions as disposable income for the purpose of adjudicating this motion. Adding their surplus with their voluntary retirement contributions yields $372.35 of monthly disposable income. Were the Debtors to make modest adjustments to their budget, they likely could reduce expenditures further. The Debtors have the ability to pay their scheduled, unsecured creditors a significant portion of the debts they owe them without foregoing necessitie

10. **Voluntary Retirement Contributions**. The Debtors voluntarily contribute $235.00 per month to ERISA-qualified retirement funds. Dkt. 1 at 53. Following applicable precedent, the Court must treat these retirement contributions as disposable income for the purposes of this motion. In re Burton, 379 B.R. 732, 736 (Bankr. N.D. Ohio) (J. Baxter) ("[I]t is widely held that, in the context of bankruptcy proceedings, a debtor cannot make voluntary payments towards a retirement savings plan in order to reduce his or her reported disposable income."); In re Edighoffer, 375 B.R. 789, 799 (Bankr. N.D. Ohio) (J. Woods) ("Although Debtor

correctly notes that she would be permitted to continue to contribute to her 403(b) retirement plan in chapter 13. . . the Court is constrained by [Behlke v. Eisen (In re Behlke), 358 F. 3d 429, at 435 (6th Cir. 2004)] and must find that the voluntary 403(b) contribution of $292.00 must be considered in determining whether Debtor can repay her unsecured creditors.") (full citation added); In re Croskey, 2007 WL 1302571 (Bankr. N.D. Ohio) (J. Speer) ("legally the Debtors' 401(k) contribution and loan repayment are not permissible deductions when determining an 'ability to pay' under § 707(b)'s need-based analysis").

10. **Ability to Pay.** Courts have held that an ability to pay creditors is grounds for dismissal under 11 U.S.C. § 707(b)(3). *See, e.g.*, In re Mestemaker, 359 B.R. 849, 857—858 (Bankr. N.D. Ohio 2007) (an ability to pay an amount equal to the abuse threshold under § 707(b)(2) is relevant to determining whether debtors exhibit a want of need sufficient to find abuse under § 707(b)(3)). The ability to fund a chapter 13 plan is a factor for determining "substantial abuse." Behlke, 358 F.3d at 438 (dismissing a case where debtors' disposable income would pay a *pro rata* dividend to unsecured creditors of 14% in a 36-month chapter 13 plan, or 23% over a five-year plan). The Debtors schedule no priority claims and $110,062.53 of non-priority unsecured claims. Dkt. 1 at 49. In a sixty-month chapter 13 case, a payment of $500 would provide their unsecured creditors with $30,000—a dividend of more than twenty-seven percent (27.257%).

**WHEREFORE**, the United States Trustee respectfully requests this Court to enter an order dismissing the above-captioned chapter 7 case pursuant to 11 U.S.C. § 707(b) and granting such further relief as may be appropriate.

Respectfully submitted,

Andrew R. Vara
United States Trustee Region 9

by:     */s/ Scott R. Belhorn*
Scott R. Belhorn (#0080094)
Trial Attorney
Department of Justice
Office of the U.S. Trustee
H.M. Metzenbaum U.S. Courthouse
201 Superior Avenue, Suite 441
Cleveland, Ohio 44114-1240
(216) 522-7800 Ext. 260
(216) 522-7193 (fax)
scott.r.belhorn@usdoj.gov

# CERTIFICATE OF SERVICE

I, Scott R. Belhorn, hereby certify that the foregoing Motion was electronically transmitted on or about January 27, 2020, via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice List:

- Austin B. Barnes     abarnes@sandhu-law.com, bk1notice@sandhu-law.com
- Harold A. Corzin     hcorzin@csu-law.com, ccorzin@aol.com;oh32@ecfcbis.com
- Stephen R. Franks     amps@manleydeas.com
- Ronald R. Stanley     Rstanleymed@aol.com
- United States Trustee     (Registered address)@usdoj.gov

I, Scott R. Belhorn, further certify that the foregoing Motion was mailed via U.S. Post, First Class, on or about January 28, 2020, to the following:

Russell Biggs
1010 Ashwood Lane
Medina, OH 44256

Renee Biggs
1010 Ashwood Lane
Medina, OH 44256

                                                                                            */s/ Scott R. Belhorn*
                                                                                              Scott R. Belhorn